UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONNIE WILLIAMS,

    Plaintiff,

v.                                              Case No.  5:19-cv-5-TKW/MJF

WILLIAM PAYNE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court upon the Defendant's motion to dismiss (Doc. 38) and Plaintiff's response (Doc. 40). The undersigned recommends that this action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.[1]

### I. BACKGROUND

Plaintiff, Ronnie Williams, DC # 606982, is an inmate of the Florida Department of Corrections ("FDC"). On December 7, 2018, he commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The operative complaint in this matter

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

is Plaintiff's third amended complaint. (Doc. 29). Defendant moved to dismiss on several grounds, including that Plaintiff failed to disclose his litigation history.[2]

## II. Discussion

**A.   <u>Screening of Plaintiff's Complaint</u>**

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). The court "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir.

---

[2] It also appears that Plaintiff failed to exhaust timely his administrative remedies, which also would result in dismissal of this action without prejudice. (Doc. 38 at 15-28; Doc. 38-1; Doc. 38-2; Doc. 38-3; Doc. 38-4; Doc. 40 at 7 (conceding that the Defendant "attached all of the Plaintiff's grievances that he had filed from the time not long after the incident occurred until he exhausted his remedies in Tallahassee, Florida.")).

1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.  **Plaintiff's Disclosures**

Section IV of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation in state and federal courts. The complaint form advises that "NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY

PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 29 at 3).

On page 3 of the complaint form, Question A asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" Plaintiff responded "No" and did not disclose any cases. (*Id.*).

Also on page 3 of the complaint form, Question B asks, "Have you initiated other actions in **federal court** dealing with the same facts or issue involved in this case?" (*Id.*). Plaintiff responded "No" and did not disclose any cases. (*Id.*).

On page 4 of the complaint form, Question C asks, "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Plaintiff responded "No" and did not disclose any cases.

Finally, Question D asks, "Have you ever had any actions in **federal** court dismissed as frivolous, malicious, failing state a claim, or prior to service?" Plaintiff responded "No" and did not disclose any cases. (Doc. 29 at 4). Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT,**

**INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 29 at 6). Thus, Plaintiff stated under the penalty of perjury that he had not filed any other lawsuit in a federal or state court.[3]

## C.   Plaintiff's Omission

The court takes judicial notice that, at the time he filed his complaint in this case, Plaintiff had initiated a habeas petition that should have been disclosed in response to Question C. That case is *Ronnie C. Williams v. Sec'y, Fla. Dep't of Corr.*, No. 5:12cv238-Oc-29PRL (M.D. Fla. May 11, 2012). This case is attributable to Plaintiff insofar as it bears his FDC inmate number: 606982. He failed to disclose this habeas petition in his complaint. Plaintiff's omission, therefore, violated his duty of candor to this court.

Plaintiff acknowledges that he filed this habeas petition. (Doc. 40 at 6). He argues, however, that his habeas petition was a criminal case and that the complaint form did not require disclosure of criminal cases. (*Id.*). Plaintiff also argues that he does not have the legal training or knowledge to have properly responded to the complaint form. (*Id.* at 5). Plaintiff concedes, however, that trained inmate law clerks assisted him in filling out his complaint form. (*Id.*). These arguments are without

---

[3] The undersigned notes that Plaintiff submitted a First Amended Complaint, (Doc. 20) and a second Amended Complaint (Doc. 27). Plaintiff also denied filing other lawsuits under the penalty of perjury. (Doc. 27 at 3-4).

merit. Habeas petitions are civil suits not criminal matters. *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1083 (Baylson, J., concurring) (11th Cir. 2014) (noting that habeas is a type of civil litigation); *see Watson v. Centurion*, No. 5:21-cv-23-RV/MJF, 2021 WL 1628074 (N.D. Fla. Apr. 27, 2021) (affirming dismissal for failing to disclose complete litigation history and noting that "a habeas proceeding 'challenging your conviction' should have been disclosed"). In any event, Question C expressly states: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (**including habeas corpus petitions**) . . ." (Doc. 27 at 4; Doc. 29 at 4) (emphasis added). This question is plainly written and did not require a lawyer to interpret. The "fact that Plaintiff apparently received bad legal advice from someone in the prison law library about the form does not excuse his failure to comply with the disclosure requirements." *Johnson v. Burch*, No. 5:19CV77-TKW-MJF, 2019 WL 4596569, at *1 (N.D. Fla. Sept. 23, 2019).

D.     **The Materiality of Plaintiff's Omissions**

Various courts have recognized that information regarding a plaintiff's litigation history is useful to courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the

> prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this

authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases, including any habeas petitions, was required. The complaint form expressly warns prisoners: "NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 29 at 3).

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under § 1983 brought in Florida is four years. *Id.*; *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Plaintiff alleges the incidents in his complaint began on or about October 9, 2018. The statute of limitation, therefore, likely would not bar Plaintiff from refiling this action in the near future.

process, because that course of action would entail no penalty.[5] *See Hood*, 197 F. App'x at 819. Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.   The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 3rd day of June, 2021.

---

[5] Plaintiff amended his complaint three times and yet still failed to disclose his complete litigation history. (Docs. 1, 20, 27, 29).

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**